[No. D010392. Fourth Dist., Div. One.. Aug. 27, 1990.]

CLEOTILDE MORALES et al., Plaintiffs and Appellants, v.
LINDA McMAHON, as Director, etc., Defendant and Respondent.

**COUNSEL**

Anson B. Levitan, Carol Bracy and Colleen Fahey Fearn for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Charlton G. Holland III, Assistant Attorney General, Anne S. Pressman and Richard J. Magasin, Deputy Attorneys General, for Defendant and Respondent.

**OPINION**

**FROEHLICH, J.**—Appellant Cleotilde Morales brought an action for declaratory and injunctive relief, and for mandamus, challenging a certain regulation promulgated by the Department of Social Services (D.S.S.). Such regulation limits the time for a welfare recipient to request a fair hearing to challenge adverse determinations on certain benefits. Appellant sued individually, and as representative of a class consisting of all recipients of benefits under the "Aid to Families with Dependent Children" program (AFDC program) (42 U.S.C. § 601 et seq.), whose request for a fair hearing was denied pursuant to D.S.S.'s manual of policy and procedures (M.P.P.) section 22-009.11 (the challenged regulation). Appellant contends the challenged regulation is invalid, because it is inconsistent with controlling federal regulations and state statutes providing for rights to notice and hearing, and also is inconsistent with federal and state procedural due process rights. Appellant appeals from the judgment finding the challenged regulation valid.

Because the challenged regulation appears incompatible with controlling federal regulations which mandate *written* notice of certain adverse determinations, we are compelled to conclude the regulation is invalid and unenforceable.

1. *Statutory Context*

The AFDC program is a cooperative federal and state program of financial assistance to needy children and their families. (See 42 U.S.C. § 601 et seq.; *Shea* v. *Vialpando* (1974) 416 U.S. 251, 253 [40 L.Ed.2d 120, 94 S.Ct. 1746].) ▮▮▮ Although a state is not required to participate in the program, once a state chooses to participate it must administer the state plan in conformity with the federal laws and regulations governing the program. (*King* v. *Smith* (1968) 392 U.S. 309, 316-317 [20 L.Ed.2d 1118, 1125, 88 S.Ct. 2128]; *Camp* v. *Swoap* (1979) 94 Cal.App.3d 733, 743 [156 Cal.Rptr. 600].)

There is no dispute that 45 Code of Federal Regulations section 205.5 governs state plans administering certain benefits under the Social Security Act, including the benefits appellant claims were improperly denied based on the challenged regulation. When the state intends to take certain types of "adverse action" as to certain benefits (such as reducing or ending payments to the recipient), federal regulations under 45 Code of Federal Regulations section 205.10(a)(4) provide that: "(i) The State . . . *shall give timely and adequate notice,* except as provided for in paragraphs (a)(4)(ii), (iii), or (iv) of this section. Under this requirement:

"(A) 'Timely' means that the notice is mailed at least 10 days before the date of action, that is, the date upon which the action would become effective;

"(B) 'Adequate' means a *written* notice that includes a statement of what action the agency intends to take, the reasons for the intended agency action, the specific regulations supporting such action, explanation of the individual's right to request an evidentiary hearing (if provided) and a State agency hearing, the circumstances under which assistance is continued if a hearing is requested, [and an explanation of repayment obligations, if any]." (Italics added.)[1]

Federal regulations also mandate that aggrieved recipients, dissatisfied with the agency action, be provided the right to a hearing to be conducted under the due process standards enunciated in *Goldberg* v. *Kelly* (1970) 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011] (see 45 C.F.R. § 205.10(a)(1)). Such regulations further provide the claimant shall be given a reasonable time, not to exceed 90 days, in which to appeal the agency action. (See 45 C.F.R. § 205.5(a)(5)(iii).)

Appellant challenges a state regulation, promulgated by D.S.S. as part of its M.P.P., which ostensibly implements the 90-day limitation period for filing appeals of adverse actions. State regulations include a requirement for notifying a claimant of an adverse action[2] which parallels the federal notice requirements, and mandate that a dissatisfied claimant request a hearing within 90 days after the date of the action. (M.P.P., § 22-009.1.)

The specific regulation which appellant contends is invalid provides: "If the claimant received adequate notice of the action (see Section 22-001(a)(1)), the date of the action shall be the date on which the notice was mailed to the claimant. *In all other cases, the date of the action or inaction shall be considered to be the date the action was discovered. The date of discovery is the date the claimant knew, or should have known, of the action.*" (M.P.P., § 22-009.11, italics added.)[3]

---

[1] Similar regulations governing a recipient's right to notice and hearing apply to the food stamp program. (See 7 C.F.R. § 273.13.)

[2] M.P.P. section 22-001(a)(1) provides: "Adequate Notice - A written notice informing the claimant of the action the county intends to take, the reasons for the intended action, the specific regulations supporting such action, an explanation of the claimant's right to request a state hearing, and if appropriate, the circumstances under which aid will be continued if a hearing is requested."

[3] The regulation was amended in 1987 to add that the date of the action would accrue from the time the claimant knew, or should have known, of the action *and* of the right to request a hearing including the procedures necessary to obtain a hearing on such action. (See M.P.P., § 22-009.12.)

It is the highlighted portion of the regulation which appellant contests, arguing it effectively dispenses with the necessity of providing written notice. She claims such language precludes a recipient from a fair hearing without ever receiving any written notice if the hearing officer concludes the recipient had obtained (or was charged with) knowledge of the agency's action reducing benefits and of the recipient's right to appeal.

### 2. *Factual and Procedural Background*

In appellant's case, her aid was reduced in 1981 based on the D.S.S.'s determination she had been overpaid in prior benefit periods, because she failed to report that an "absent" parent was in fact living in her home during these prior periods. The "Notice of Action" (NOA) sent in 1981 informed her of the proposed action reducing her benefits, but failed to state the reason for the proposed action, as required by state and federal regulations. The 1981 NOA invited the claimant to call her eligibility worker if she had any questions, and informed her of her right to appeal within 90 days of the NOA.

In 1983 Morales first received a NOA stating "absent parent at home" as the reason for reducing her benefits. Morales filed for a fair hearing within 90 days of the 1983 NOA. The hearing officer, relying on the "knew or should have known" language of the challenged regulation, concluded the action was barred as untimely because Morales knew or should have known in 1981 of the action reducing her benefits and of her right to appeal, thereby triggering the 90-day period of appeal.

The instant lawsuit was then filed to challenge the validity of the state regulation, contending it was incompatible with federal law and violative of federal and state procedural due process guarantees. The trial court granted D.S.S.'s motion for summary judgment, concluding the challenged regulation did not violate federal or state regulatory or constitutional requirements.

### 3. *The State Regulation Is Invalid Insofar as It Operates to Deny Claimants a Fair Hearing Without Providing Claimants With the Federally Mandated Written Notice of Action*

■ The narrow issue before us is whether the state regulation may validly deny a "fair hearing" to a recipient of AFDC funds, even though the written notice of the adverse action required by 45 Code of Federal Regulations section 205.10(a)(4)(i)(B) was never provided, merely because the recipient "knew or should have known" of the adverse action and his right to appeal.

 As discussed above, state participation in the federally funded welfare programs is elective, but once the state opts to participate it must administer its programs in compliance with federal laws and regulations. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 739 [97 Cal.Rptr. 385, 488 P.2d 953].) To the extent state regulations conflict or are incompatible with federal regulations governing such programs, the state regulations are invalid and unenforceable. (See, e.g., *Camp* v. *Swoap, supra,* 94 Cal.App.3d at pp. 741-746.)

 We conclude the state regulation is incompatible with the federal regulations because the former would preclude a recipient from obtaining a federally mandated fair hearing even though he never received the federally mandated written notice of adverse action. The federal regulation governing hearings is unequivocal: In cases of adverse action, the state *shall* give timely and adequate notice, such "adequate notice" being defined as *written* notice containing certain mandatory information. The federal regulation provides no exceptions for oral notice or constructive notice.[4]

The parties have not cited, nor have we located, any authorities directly addressing the issue of whether a state may enforce a regulation which effectively eliminates the necessity of providing the federally prescribed written notice, as does the challenged regulation. However, the courts have uniformly invalidated state promulgated policies which provided some form of written notice where the specified notice failed adequately to convey the substantive information federal regulations mandated for inclusion. (See, e.g., *Schroeder* v. *Hegstrom* (D.Ore. 1984) 590 F.Supp. 121, 125-130 [notice which failed to explain "reasons for action" and "basis for determination" held invalid for noncompliance with federal regulations, and defective notice cannot be excused by inviting claimant to inquire orally as to reasons or basis]; *Ortiz* v. *Eichler* (D.Del. 1985) 616 F.Supp. 1046, 1061-1063 [notices which failed to fully explain "reasons for action" or "cite supporting regulations" held invalid for failure to comply with federal regulations, and ability to inquire for more detail does not cure deficiency in notice]; *Turner* v. *Walsh* (W.D.Mo. 1977) 435 F.Supp. 707, 713-714, affd. *per curiam* (8th Cir. 1978) 574 F.2d 456 [written notice failing to "describe circumstances under which assistance may be continued" and inadequately describing "circumstances under which a hearing may be obtained" held invalid for failure to comply with minimum regulatory requirements].)

We perceive that since incomplete written notices are invalid for failure to convey the substantive information mandated by federal law, *a fortiori*

---

[4] Indeed, the fact that the same federal regulation specifies the limited circumstances under which a less timely or comprehensive notice will be deemed sufficient See 45 C.F.R. § 205.10(a)(4)(ii)-(iv)) further convinces us the federal scheme brooks no exceptions for oral or constructive notice in lieu of the more comprehensive written notice.

the failure to give *any* written notice of that same substantive information is also inadequate. Yet the state regulation purports to permit that if the claimant gets no written notice (or defective notice), he is nevertheless precluded from appeal if he learned, or is charged with constructive knowledge, of the reduction in his benefits and his right to appeal more than 90 days before his appeal is filed, despite his nonreceipt of the substantive information federal law requires the state provide in written form.

The D.S.S. argues that the regulation is valid because procedural due process is a flexible concept (*Morrissey* v. *Brewer* (1972) 408 U.S. 471, 481 [33 L.Ed.2d 484, 92 S.Ct. 2593]), and that whether a particular regulation is constitutionally sufficient requires a balancing of interests (*Mathews* v. *Eldridge* (1976) 424 U.S. 319 [47 L.Ed.2d 18, 96 S.Ct. 893]), which D.S.S. argues should be struck in favor of upholding a regulation precluding stale appeals by recipients who received actual notice. While the challenged regulation might well survive if tested against the minimum notice constitutionally mandated,[5] the federal regulatory scheme has elected to impose an arguably higher standard of "what process is due" (*id.* at p. 333), which standard is binding on California.

The D.S.S. argues, at bottom, that notwithstanding the federal regulation, the "notice" aspect of due process is satisfied because the recipient is deemed to have obtained notice through oral or other informal inquiries. The court in *Ortiz* v. *Eichler, supra,* 616 F.Supp. 1046, rejected a similar argument, succinctly stating: "Defendants' second contention—that notice inadequacies are unimportant because claimants can call the agency for more detailed information—has been repeatedly rejected by other federal courts. [Citations.] The plain language of the regulatory definition of 'adequate' . . . requires written notice. Moreover, the burden of providing adequate notice rests with the state, and it cannot shift that burden to the individual by providing inadequate notice and inviting the claimant to call to receive complete notice. [citations.] As the Seventh Circuit Court of Appeals observed in *Vargas* v. *Trainor* [(7th Cir. 1974) 508 F.2d 485, 489], public assistance recipients are often less capable than other people of taking affirmative actions to protect their interests [citation]. The result of requiring claimants to make phone calls to obtain adequate notice would be that only the aggressive would receive due process, whereas the applicable

---

[5] We note that in the seminal case of *Goldberg* v. *Kelly, supra,* 397 U.S. 254, the court did not find any constitutional infirmity in a system which conveyed notice by a combination of a written letter coupled with an oral conference to explain the reasons for the action. (*Id.* at p. 268.) We also recognize that "actual or constructive notice," in the context of a state scheme *unencumbered by federal proscriptions,* may well be validly substituted for written notice as the trigger for statutes limiting the time for challenging actions. (See *Concerned Citizens of Costa Mesa, Inc.* v. *32nd Dist. Agricultural Assn.* (1986) 42 Cal.3d 929, 938-940 [231 Cal.Rptr. 748, 727 P.2d 1029].)

regulations require the state to provide due process for all claimants." (*Ortiz v. Eichler, supra,* 616 F.Supp. at p. 1062.)

We agree that federal law mandates written notice containing specified information, and the challenged regulation is invalid to the extent it bars an appeal in the absence of compliance with federal mandates.

### 4. *Disposition*

The judgment is reversed and remanded with instructions that the trial court grant appellant's motion for summary judgment (see *Darces* v. *Woods* (1984) 35 Cal.3d 871, 895 [201 Cal.Rptr. 807, 679 P.2d 458]), declaring that respondent's M.P.P. section 22.009.1 ("knew or should have known standard") is invalid as violative of federal regulatory requirements, and that the court thereafter undertake such additional or ancillary proceedings as may be consistent with the views expressed herein.

Kremer, P. J., and Benke, J., concurred.